UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN BENNETT, | ) |
|         Plaintiff, | ) |
| v. | ) No. 1:24-cv-01533-JPH-CSW |
| SHORT Ofc., et al., | ) |
|         Defendants. | ) |

**ORDER SCREENING COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Kevin Bennett is a prisoner currently incarcerated at Pendleton Correctional Facility. He filed this 42 U.S.C. § 1983 civil action, alleging that Defendants violated his constitutional rights by failing to protect him and failing to provide adequate medical care while he was incarcerated at the Marion County Jail. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim

1

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Bennett's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names three defendants in their official and individual capacities: (1) Deputy Detention Officer A. Short, (2) Deputy Detention Officer Z. Meyers, and (3) Nurse S. Stewart.

Mr. Bennett alleges that on April 20, 2024, he was housed at the Adult Detention Center in the Marion County Jail. On this date, he was reclassified to cell block 4R and was escorted there by Officer Short and Officer Meyers. Once they arrived at the door of cell block 4R, Mr. Bennett saw two inmates in the cell block who he had problems with in the past and informed the officers that he did not want to go into the cell block because he was in fear of his life and safety. Mr. Bennett informed the officers that he will be assaulted by the two inmates. The officers both told Mr. Bennett that they did not care and that they hope he gets beat up.

Officer Short and Meyers put Mr. Bennett into the cell block and left. Mr. Bennett used the restroom and then was assaulted by the two inmates that he had just warned the officers about. Mr. Bennett suffered injuries to his head, back, neck, nose, and jaw. He pressed the intercom button to alert the deputy that he was assaulted and fearful for his life. The deputy informed him that he would tell the floor deputies, Officers Short and Meyers. Mr. Bennett saw Officer Short in the hallway and yelled out to him that he did get attacked and requested to be removed from the cell block. Officer Short ignored him and walked away.

Twenty minutes later, Mr. Bennett was attacked again by the same two inmates. He requested help from the intercom button and was informed that the floor deputies were aware of the situation and would arrive shortly. Officers Meyers and Short arrived ten minutes later and laughed at Mr. Bennett. They escorted him to a holding cell. Mr. Bennett requested medical help from them and reported that he was in severe pain. The officers told him that he was not seeing medical staff because they didn't want to do any paperwork about the situation.

Nurse Stewart arrived at Mr. Bennett's cell about thirty minutes later and told him that she heard he had been assaulted. Mr. Bennett told her he was in severe pain, lightheaded, dizzy, and might have a concussion. He requested pain medication and to be assessed. Nurse Stewart refused to give him any medical treatment and told him, "Maybe you should learn to fight

instead of running your mouth." Dkt. 1 at 3. She left without providing any medical attention.

Mr. Bennett requested medical assistance for several days to no avail. Mr. Bennett was not seen for his injuries until April 26, 2024, by a different medical staff member, and received an X-ray and pain medication.

Mr. Bennett seeks punitive damages, compensatory damages, and costs.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, some claims will proceed and some claims will be dismissed.

First, any official capacity claims against the defendants are **dismissed for failure to state a claim upon which relief** can be granted. "[D]efendants are immune from suit under § 1983 for monetary damages in their official capacities[ ]" because such claims are barred by the Eleventh Amendment to the United States Constitution and the doctrine of sovereign immunity. *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (quoting *Brown v. Budz*, 398 F.3d 904, 917–18 (7th Cir. 2005)).

Individual capacity Fourteenth Amendment claims **will proceed** against Officer Short and Officer Meyers based on Mr. Bennett's allegations that they were aware of a substantial risk of serious harm to him that could have been eliminated through reasonable and available safety measures. Individual capacity Fourteenth Amendment failure to provide adequate medical care claims **will proceed** against Officer Short, Officer Meyers, and Nurse Stewart in

their individual capacities on Mr. Bennett's allegations that they denied him medical care following his injuries.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through August 18, 2025,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

Mr. Bennett's motion to screen complaint, dkt. [9], is **granted** to the extent that this Court has screened his complaint in this Order.

The following claims **shall proceed** in this action: (1) Fourteenth Amendment failure to protect claims against Officer A. Short and Officer Z. Meyers in their individual capacities, and (2) Fourteenth Amendment failure to provide adequate medical care claims against Officer A. Short, Officer Z. Meyers, and Nurse S. Stewart in their individual capacities.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Officer A. Short, Officer Z. Meyers, and Nurse S. Stewart in the manner specified by Rule 4(d). Process shall consist of the complaint filed on September 5, 2024, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 7/22/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEVIN BENNETT
220783
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Deputy Detention Officer A. Short
Marion County Jail
675 Justice Way,
Indianapolis, IN 46203

Deputy Detention Officer Z. Meyers
Marion County Jail
675 Justice Way,
Indianapolis, IN 46203

Nurse S. Stewart
WellPath, LLC
c/o Registered Agent: Corporate Creations Network, Inc.
8520 Allison Pointe Blvd # 220
Indianapolis, IN, 46250, USA